IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

UNITED STATES of AMERICA                                    PLAINTIFF/RESPONDENT

V.                                    No. 5:11-CR-50003
                                      No. 5:12-CV-05001

ANTONIO ALFARO                                              DEFENDANT/PETITIONER

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions, *See ECF No.* 34 filed January 3, 2012, under 28 U.S.C. §2255. The Government filed its Response, *See ECF No.* 37 on February 17, 2012, and the Petitioner has not filed a Reply.

### I. Background

Alfaro was indicted on January 13, 2011, in the Western District of Arkansas, Fayetteville Division. Count one of the indictment charged Alfaro with distribution of cocaine and counts two, three and four charged Alfaro with distribution of a mixture or substance containing methamphetamine on three separate occasions.

On February 22, 2011, Alfaro appeared for a change of plea hearing. A written plea agreement signed by Alfaro, his attorney and counsel for the government, was filed on February 22, 2011. (Doc. # 16).

A Presentence Investigation Report ("PSR"), dated April 6, 2011, was prepared prior to the sentencing hearing. The PSR contemplated a total offense level of 29, including the appropriate adjustments for acceptance of responsibility, and a criminal history category of II. Based on this calculation, the guideline range for imprisonment was calculated to be 97 to 121

months.

On May 12, 2011, Alfaro was sentenced to 97 months in prison in the Western District of Arkansas, Fayetteville Division, for the offense of distribution of methamphetamine (Count three of the indictment).

The District Court's sentence was appealed by the Defendant to the 8th Circuit Court of Appeals on May 23, 2012 (ECF No. 21) and the District Court's sentence was affirmed November 29, 2011 (ECF No. 33).

The Defendant filed the current Motion to Vacate (ECF No. 34) on January 3, 2012 alleging that A) the government breached the terms of a plea agreement (ECF No. 34, p. 2), B) ineffective assistance of counsel (Id., p. 7).

## II. Discussion

### A) Plea Agreement

The Defendant first contends that the government breached its plea agreement with him because he "believed that the amount of substance established in Count Three (3) 18.3 grams of actual methamphetamine, would be the only substance attributable to his violation of §841(a)(1) setting the sentencing range at 30-37 months for a level 18, criminal history II violation". (ECF No. 34, p. 4).

In *Santobello v. New York*, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court noted that "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Id. at 262, 92 S.Ct. at 499. Therefore, the validity of a guilty plea may be impaired where the plea is induced by misrepresentations, including unfulfilled or

unfulfillable promises. *See Mabry v. Johnson*, 467 U.S. 504, 509, (1984) (quoting *1174 *Brady v. United States*, 397 U.S. 742, 755, (1970)); *Cited by U.S. v. Camacho-Bordes* 94 F.3d 1168, 1173 (C.A.8 (Minn.),1996).

The Plea Agreement was silent on any stipulation concerning drug quantity but did provide that the sentencing guideline were advisory (Id., ¶11), that no specific sentence was promised and any discussion about guideline range was merely an estimate (Id., ¶12) and that Relevant Conduct would be considered (Id., ¶13).

Relevant conduct is defined to include "all acts and omissions [of the defendant] that were part of the same course of conduct or common scheme or plan as the offense of conviction." U.S.S.G. § 1B1.3(a)(2) & comment. (backg'd.). Factors to be considered in making this determination include the similarity, regularity, and temporal proximity of the charged and uncharged conduct. See U.S.S.G. § 1B1.3, comment. (n.9); *United States v. Anderson*, 243 F.3d 478, 485 (8th Cir.), cert. denied, 534 U.S. 903, 122 S.Ct. 233, 151 L.Ed.2d 168 (2001). Whether uncharged conduct is part of the same course of conduct as the offense of conviction is a fact-intensive inquiry. Activities may be found to be relevant conduct if they were part of "a continuous pattern of drug activity." *United States v. Lawrence*, 915 F.2d 402, 408 (8th Cir.1990) (quotation omitted). In this instance the relevant conduct consisted of three additional deliveries.

At the plea hearing the Defendant acknowledged that the agreement was translated from English to Spanish for him and that, through an interpreter, he discussed the agreement with his attorney. (ECF No. 27, pp. 3-4). The last paragraph of the agreement states: "The defendant and his attorney both acknowledge that this plea agreement constitutes the entire agreement of the parties. Further, all parties agree that there are no oral agreements or promises which have been

made to induce the defendant to change his plea to guilty." (ECF No.16, ¶ 26). The defendant, his attorney, and counsel for the government each signed the last page of the agreement, dated February 9, 2011. (Id.).

There is no evidence that there was any plea agreement other than the written agreement (ECF No. 16) which was signed by the Defendant on February 9, 2011.  The Defendant did not enter his plea until February 22, 2011 and certainly was aware of the terms of the agreement long before he entered his plea.

### B.  Ineffective Assistance of Counsel

By implication the Defendant contends that his attorney was ineffective 1) in the  plea process. The Defendant also contends that his counsel was ineffective because 2) he was not qualified to represent him, 3) unethically limited his ability to pursue an IAC claim, 4) failed to provide copy of file to pursue 2255 motion. (ECF No. 34, p. 7-8).

A defendant "faces a heavy burden" to establish ineffective assistance of counsel pursuant to § 2255.  *DeRoo v. United States*, 223 F.3d 919, 925 (8th Cir. 2000);  2254. *Cox v. Wyrick,*  642 F.2d 222, 226 (C.A.Mo., 1981) To establish a claim of ineffective assistance of counsel, the Defendant must satisfy the two-part test set forth in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

First, under the "deficient performance" component, he must show that his counsel "made errors so serious that counsel was not functioning as the 'counsel' guaranteed [him] by the Sixth Amendment." *Strickland*, 466 U.S. at 687. That showing can be made by demonstrating that counsel's performance "fell below an objective standard of reasonableness." *Wiggins v. Smith*, 539 U.S. 510, 522, 123 S.Ct. 2527, 156 L.Ed.2d 471 (2003)(internal citations omitted.

Second, under the "prejudice" component, he must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. see also, i.e. *United States v  Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005)(post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense).

    1. Plea process

In addition to the deficient performance and prejudice requirements, to the extent that Petitioner's claims arise out the plea process, he must show a reasonable probability that, but for counsel's errors, he would not have pled guilty and would have insisted on going to trial. See *Strickland*, 466 U.S. at 688; *United States v. Prior*, 107 F.3d 654, 661 (8th Cir. 1997).  The Defendant does not contend that he would not have plead guilty but merely that he desires a reduced sentence.

The Defendant was originally charged with four counts of deliver (ECF No. 7).  The original complaint shows that the deliveries were conducted between the Defendant and Alex Amaya, a Task Force Officer with the Drug Enforcement Administration. (ECF No. 1).  It is clear that the Defendant had no desire to go to trial and the result of the plea bargain was to have three of the deliveries dismissed and to enter a plea on only one. The Defendant has failed to show that there is a reasonable probability that he would have insisted on going to trial.

    2.  Not qualified to represent

The Defendant makes a brash statement that his attorney was unqualified. As previously pointed out his attorney secured the dismissal of three delivery charges and a three point

reduction for acceptance of responsibility. The Defendant has not put forth one shred of evidence that his attorney was "not qualified to represent him".  Vague and conclusory allegations are not sufficient to state a ground for relief under 28 U.S.C. § 2255.  *See Hollis v. United States*, 796 F.2d 1043, 1046 (8th Cir.).  *See also Smith v. United States*, 677 F.2d 39, 41 (8th Cir.1982) (conclusory allegations, unsupported by any specifics, are subject to summary dismissal). See also *Carpenter v. United States*, 720 F.2d 546, 548 (8th Cir.1983) (conclusory allegations are insufficient to rebut the presumption of competency granted to defense counsel).

      3) Unethically limited ability to pursue IAC claim

The Defendant's claim that his attorney somehow hindered his ability to pursue a IAC claim is difficult to follow.

Generally, claims of ineffective assistance of counsel should be raised in collateral proceedings under 28 U.S.C. § 2255. *United States v. Bauer*, 626 F.3d 1004, 1009 (8th Cir.2010).  There is nothing in the Plea Agreement that prohibited the Defendant from pursuing any Ineffective assistance of counsel claim and he filed a timely 2255 motion in the present case. The Defendant in this case filed a timely 2255 motion and had the ability to raise any IAC claim that he felt appropriate.

      4) File content

The Defendant seems to argue that his attorney did not turn over his file to him and that somehow hindered his presentation of his 2255 motion.  The Defendant does not state any specific information that he requested of his attorney or how that has impacted his ability to pursue his motion.  "The subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal . . . " *Blackledge v. Allison*, 431 U.S. 63, 74 (1977);

*Voytik v.United States*, 778 F.2d 1306, 1308 (8th Cir.1985).

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated this August 22, 2012

                                                        /s/ *J. Marschewski*
                                         HONORABLE JAMES R. MARSCHEWSKI
                                         CHIEF U. S. MAGISTRATE  JUDGE